UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>



UNITED STATES OF AMERICA,

                      Plaintiff,

vs                               SCHEDULING ORDER
                                      01 CR 244 A

AHMED MURSHED

                      Defendant(s).

The above named defendant was arraigned on an indictment on **May 16, 2006**, in open court pursuant to Fed.R.Crim.P. 10 and Local Rule 12.1, and entered a plea of not guilty pursuant to Fed.R.Crim.P. 11(a)(1). Following the arraignment, a pretrial conference was held with counsel and the following scheduling order was agreed upon:

(1)     Voluntary discovery shall be completed by **June 2, 2006**.

(2)     Pretrial motions, both dispositive and non-dispositive motions, including all supporting papers and memoranda of law in support thereof, shall be filed by **June 28, 2006**.

(3)     All responses to pretrial motions, including all supporting papers and memoranda of law in support thereof, filed in accordance with the preceding paragraph shall be filed **July 19, 2006**.

(4)     Oral argument on pretrial motions shall be heard on **July 27 2006 at 10:00 am**.

In accordance with the Second Circuit Speedy Trial Guidelines, Part I(C)(3)(a) and (b), and upon the authority of *United States v. Piontek*, 861 F.2d 152, 154 (7th Cir., 1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir., 1987); *United States v. Wilson*, 835 F.2d 1440, 1444 (D.C. Cir., 1987); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir., 1985); and *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir., 1982), the period of time from the date of the scheduling conference until the date of oral argument is excluded under 18 U.S.C. § 3161(h)(1)(F).

Any requests for extension of the above dates must be in strict compliance with Local Rule 12.2 of the Local Rules of Criminal Procedure for the Western District of New York, which requires written application prior to the due date, made to the courtroom deputy. Such application shall be made only after conferring with all other parties and shall include a suggested rescheduled date, agreeable to all parties. As a general rule, no request for an extension will be granted unless extraordinary circumstances are present.

Failure by any party to raise defenses or objections, or to make requests which must be made prior to trial at the time set forth in this scheduling order or prior to any extension made by the court shall constitute a waiver thereof. Fed.R.Crim.12(f).

**SO ORDERED.**

_____
**HUGH B. SCOTT**
**United States Magistrate Judge**

Dated:   Buffalo, NY
         May 30, 2006